```
UNITED STATES DISTRICT COURT                      USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                     DOCUMENT
-----------------------------------------------X  ELECTRONICALLY FILED
                                              :   DOC#: _____
  ALTAUNE BROWN,                              :   DATE FILED: 1/27/2021
                                              :
                              Plaintiff,      :   19-cv-07160 (ALC)
               -against-                      :
                                              :
  3700 DELI & GROCERY INC., ET AL.,           :   OPINION AND ORDER
                                              :
                              Defendants.     :
                                              :
                                              :
-----------------------------------------------X
```

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Altaune Brown sued Defendants 3700 Deli & Grocery Inc., Magenta Realty LLC, and 2 Deli Grocery Inc. under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Despite having been served, Defendants failed to answer or otherwise respond to the Complaint. Plaintiff now moves for default judgment. For the reasons that follow, the motion is granted in part.

### Background

Plaintiff alleges that on or about July 11, 2019 he attempted to enter and patronize a store at 3700 White Plains Rd, Bronx, New York 10467 ("the Premises"). However, Plaintiff alleges that he, a paraplegic who uses a wheelchair, was denied access to the Premises because of a step by the front door. Defendants 3700 Deli & Grocery Inc. and 2 Deli Grocery Inc. are the lessees and/or operators of the premises. Defendant Magenta Realty LLC is the owner, lessor and/or operator and managing agent of the real property where the Premises is located. All Defendants are alleged to maintain and control the Premises.

1

Plaintiff asks the Court to declare that the Premises are in violation of the ADA, NYSHRL and NYCHRL; enter an order requiring the Defendants to alter the Premises to make them accessible and usable to individuals with disabilities to the full extent of the ADA, NYSHRL, and NYCHRL; and enter an order directing Defendants to pay $1000 in damages and reasonable attorney fees and costs. ECF No. 27.

All Defendants were served via the Secretary of State. *See* ECF Nos. 5, 6, 16. When the Defendants failed to appear despite being served, Plaintiff requested Clerk's Certificates of Default, ECF Nos. 21-22, which were issued, ECF No. 23. Thereafter, Plaintiff moved for default judgment. ECF Nos. 24-28. The Court issued an Order to Show Cause why default judgment should not be entered. ECF No. 34[1]. Defendants did not reply.

**Standard**

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Id*. Nonetheless, because a party in default does not admit conclusions of law, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id*. (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

---

[1] The Court issued and vacated a prior Order to Show Cause why default judgment should not be entered because Plaintiff initially failed to include a memorandum in support of their motion for default judgment. See ECF Nos. 29, 31.

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

**Discussion**

A. Liability

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim, a plaintiff must allege: "(1) that he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). The ADA defines a public accommodation to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment." 42 U.S.C. § 12181(7)(E). "With respect to the last element, discrimination includes 'a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable.'" *Pierre v. Nine One Two Corp.*, No. 19-CV-3326 (NGG) (SMG), 2020 U.S. Dist. LEXIS 95658, at *4 (E.D.N.Y. May 29, 2020) (citing 42 U.S.C. § 12182(b)(2)(A)(iv)).

3

Plaintiff has properly alleged that he, a paraplegic who uses a wheelchair, is disabled under the ADA. Plaintiff has also properly alleged that the Premises is a place of public accommodation, and that the front step constitutes a barrier to entry. *See* 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp . . . .").

However, the Complaint's allegations as to the barriers within the store lack sufficient detail to merit default judgment. Although Plaintiff did not personally encounter any barriers within the store, he has "standing to seek removal of all barriers . . . related to his disability that he would likely encounter were he able to access the" Premises. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013). However, the allegations in the Complaint begin and end with the step obstructing the entrance to the Premises. *See* Compl. ¶¶ 11-13. There are no allegations detailing how the in-store displays fail to accommodate Plaintiff. The Court therefore concludes that Plaintiff does not sufficiently allege violations within the store to support entry of default judgment. *See, e.g., Phillips v. Emilio's Pizza*, No. 17-CV-6112 (JPO), 2018 U.S. Dist. LEXIS 80922, 2018 WL 2192189, at *4 (S.D.N.Y. May 14, 2018).

Accordingly, default judgment is granted as to the ADA claims relating to the step at the front entrance of the Premises, but denied as to the other alleged barriers within the store. "The result is the same for Plaintiff's claims under the NYSHRL and NYCHRL." *Phillips*, 2018 U.S. Dist. LEXIS 80922, at *4; *see also Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) ("viewing similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights law cannot fall").

B.  Declaratory and Injunctive Relief

4

For the reasons above, the Court grants Plaintiff's request for declaratory relief that Defendants violated and continue to violate the ADA because the step at the front entrance of the Premises constitutes an illegal barrier. The Court denies Plaintiff's request for declaratory relief as to the in-store barriers. Injunctive relief is available under the ADA in order to rectify violations of access requirements. 42 U.S.C. § 12188(a)(2). The Court likewise grants Plaintiff's request for injunctive relief as to the step at the front entrance of the Premises, but denies it as to the in-store barriers.

C. Damages

The ADA does not provide for damages, but the NYSHRL and NYCHRL do. *Phillips*, 2018 U.S. Dist. LEXIS 80922, at *4-5. Courts in this district have awarded $1000 as compensatory damages for violations similar to this one, where no particular damages have been established. *See id.*; *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077, 2019 U.S. Dist. LEXIS 220080, 2019 WL 6916098, at *4 (S.D.N.Y. Dec. 19, 2019). Accordingly, this Court awards Plaintiff $1,000 in damages.

D. Fees and Costs

Although the NYSHRL does not provide for an award of attorneys' fees in cases such as this one, *see Panerese v. Shiekh Shoes, LLC*, No. 19-CV-4061 (JMA) (AYS), 2020 U.S. Dist. LEXIS 224369, at *7-8 (E.D.N.Y. Dec. 1, 2020), both the ADA and the NYCHRL do, s*ee* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8-502(g). Plaintiff must file a motion for attorneys' fees by February 26, 2021.

**Conclusion**

For the reasons above, the Court hereby GRANTS Plaintiff's motion for default judgment in part. Defendants 3700 Deli & Grocery Inc., Magenta Realty LLC, and 2 Deli Grocery Inc. are

5

ORDERED to take necessary steps to provide an accessible entrance and install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance at the Premises, 3700 White Plains Rd, Bronx, New York 10467; provide signage addressing people with disabilities telling them that accessible services are provided; and provide a safe and accessible emergency exit. Defendants are further ORDERED to pay Plaintiff $1000 in compensatory damages. It is further ordered that (1) Defendants shall submit to Plaintiff's counsel a report detailing architectural plans to cure the accessibility issue with the entrance of the Premises within 60 days, (2) Plaintiff shall have 20 days from receipt of such report to consent or seek further relief from this Court, and (3) Defendant shall make the designated modification within 60 days of Plaintiff's consent or a ruling by this Court on any request for further relief. The Clerk of Court is respectfully directed to enter default judgment consistent with this paragraph and close this case.

**SO ORDERED.**

**Dated:  January 27, 2021**
       **New York, New York**                                           _____
                                                                           **ANDREW L. CARTER, JR.**
                                                                           **United States District Judge**